FILED
JAN 24 2003
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE AND ALLISON GARRY, ) | Civ. No. 03-4019 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| HAWKEYE SECURITY INSURANCE) COMPANY; METROPOLITAN ) PROPERTY AND CASUALTY ) INSURANCE COMPANY, ) | NOTICE OF REMOVAL |
| ) | |
| Defendants. ) | |

Pursuant to 28 U.S.C. § 1441(a), Defendant Metropolitan Property and Casualty Insurance Company ("MetLife"), hereby files this Notice of Removal in the State Court action entitled *Steve and Allison Garry v. Hawkeye Security Insurance Company; Metropolitan Property and Casualty Insurance Company.*, Civil Law No. 02-2911, filed in the State of South Dakota, Circuit Court, Second District, County of Minnehaha. Plaintiffs' Petition was filed on December 20, 2002. MetLife was served through the secretary of state on December 26, 2002.

The written consent of the only other defendant, Hawkeye Security Insurance Company ("Hawkeye"), will be submitted within its thirty (30) day time period prescribed by 28 U.S.C. § 1446(b).

This removal is timely because it was filed within the thirty (30) days time period prescribed by 28 U.S.C. § 1446(b). A copy of the Plaintiffs' Petition and all other processes, pleadings and orders served in this action are filed with this Notice as

Exhibit 1.

Defendant has served a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice with the clerk of the South Dakota Circuit Court Second District County of Minnehaha.

STATEMENT OF FACTS DEMONSTRATING JURISDICTION

The Court has diversity jurisdiction over this matter because parties are diverse and the amount in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332. As alleged in Plaintiffs' Petition, Plaintiffs are homeowners with a home in Lincoln County, South Dakota. Therefore, Plaintiffs are and were at the time of filing citizens of South Dakota.

MetLife is a Rhode Island corporation with its principal place of business in Rhode Island. Therefore, MetLife is and was at the time of filing a citizen of the state of Rhode Island. 28 U.S.C. § 1332(c)(1).

Hawkeye is an Iowa corporation with its principal place of business in Iowa. Therefore, Hawkeye is and was at the time of filing a citizen of the state of Iowa. 28 U.S.C. § 1332(c)(1).

Removal of this case on the basis of diversity of citizenship is not precluded because none of the Defendants is a citizen of the state of South Dakota in which this action was brought.

Plaintiffs' Petition seeks monetary damages, including punitive damages, for the following causes of actions: breach of contract, first party bad faith, and punitive damages. In addition, Plaintiffs' allege in their petition that actual costs incurred by the Plaintiffs to date exceed $2 million. The above requested relief, if granted, would

cause damages to Defendants in excess of $75,000. For these reasons the amount in controversy exceeds the jurisdictional minimum.

Dated this 23rd day of January, 2003.

HEIDMAN, REDMOND, FREDREGILL, PATTERSON, PLAZA, DYKSTRA & PRAHL L.L.P.

By: ______________________

PATRICK L. SEALEY, SD #20836
JOHN C. GRAY
701 Pierce Street, Suite 200
Sioux City, IA 51102
P.O. Box 3086
Phone: (712) 255-8838
Fax: (712) 258-6714

Copy to:

Steven M. Johnson
Jon K. Lauck
P.O. Box 1107
Sioux Falls, SD 57101-1107

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post Office depository in Sioux City, Iowa on this 23 day of January, 2003.

______________________

STATE OF SOUTH DAKOTA ) IN CIRCUIT COURT
:SS
COUNTY OF MINNEHAHA ) SECOND JUDICIAL CIRCUIT

STEVE AND ALLISON GARRY,
Plaintiffs,
vs.
HAWKEYE SECURITY INSURANCE COMPANY; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,
Defendants.

CIV. 02-______

COMPLAINT AND JURY TRIAL DEMAND

COME NOW THE PLAINTIFFS, Steve and Allison Garry, and for their Complaint against the above-named Defendants, do hereby state and allege as follows:

**<u>The Parties and Venue</u>**

**1.**

The Plaintiffs are homeowners with a home located near Harrisburg, a town in Lincoln County, South Dakota.

**2.**

Defendant, Hawkeye-Security Insurance Company ("Hawkeye Insurance"), is an insurance company licensed to do business and conducting business in the State of South Dakota.

**3.**

Defendant, Metropolitan Property and Casualty Insurance Company ("MetLife"), previously known as St. Paul Guardian Insurance Company, is an insurance company licensed to do business and conducting business in the State of South Dakota.

## Statement of the Facts

4.

From October 2, 1995 to October 2, 1996, MetLife provided homeowners insurance to the Plaintiffs for their home near Harrisburg (Exhibit A).

5.

From October of 1996 through the present, Hawkeye Insurance provided homeowners insurance to the Plaintiffs for their home near Harrisburg (Exhibit B).

6.

The Plaintiffs have paid substantial premiums for the homeowners coverage provided by MetLife and Hawkeye Insurance.

7.

During the period of time covered by the Plaintiffs' homeowners policy, there was a breach in the plumbing in the Plaintiffs home causing a water leak.

8.

In July 2002, Plaintiffs' discovered that, due to the water leak, their home had become uninhabitable because of a toxic mold infestation.

9.

Due to the extensive damage caused to the home by the water leak, the Plaintiffs' home was discovered to be a dangerous health risk. On August 1, 2002, to escape the dangerous conditions, the Plaintiffs moved to a hotel. On October 1, 2002, Plaintiffs moved into a new home in Sioux Falls. Due to the damage caused to their Harrisburg home, they were not able to bring one personal item with them to their new home.

10.

Plaintiff reported their losses to Defendants by telephone on July 22, 2002.

11.

Plaintiffs also reported their losses to their insurance agent, Gene Loos, of Howalt-McDowell Insurance, Inc., who reported the losses to both MetLife and Hawkeye Insurance on August 6, 2002.

12.

Plaintiffs have incurred as much as $2 million in losses due to the damages caused by the water leak.

13.

Although Plaintiffs provided timely notice to Defendants of their losses, Defendants have refused to provide insurance coverage to Plaintiffs.

**COUNT I - Breach of Contract**

14.

Plaintiffs hereby reallege all previous paragraphs and incorporate them as if set forth in full.

15.

Plaintiffs had contracts of insurance with Defendants providing the Plaintiffs with property insurance coverage for their home.

16.

Pursuant to the contracts, the Plaintiffs did in fact pay substantial and ongoing premiums to the Defendants in exchange for the purported insurance coverage.

17.

Page 12 of the MetLife homeowners policy "insure[s] homes against actual accidental physical loss or damage," which is defined on page 11 of the policy to mean "physical damage to

tangible property, its theft, or destruction." (See Exhibit A). According to page 13, "[i]f [Plaintiffs] lose the use of [their] home through actual accidental physical loss or damage to covered property due to a covered cause of loss, [MetLife will pay] extra living expenses for a reasonable time until the home can be returned to a liveable condition or [they] can relocate permanently." Pursuant to page 16, the policy "covers any tangible personal property [the Plaintiffs or their] family own or use anywhere in the world." Pursuant to page 17, the policy covers personal property losses caused by "[w]ater...accidentally coming from your plumbing." The policy exclusions for "loss or damage caused by water" on page 20 do not include damages caused by water leaks.

**18.**

Pursuant to page 25 of the MetLife homeowners policy, Plaintiffs are to "notify [company] within 60 days after they know about the accident or incident." Plaintiffs learned of the water damage in July 2002. Plaintiffs notified MetLife by telephone on July 22, 2002. Plaintiffs also notified their insurance agent who notified MetLife on August 8, 2002.

**19.**

MetLife has denied coverage to Plaintiffs for the damages caused by the water leak.

**20.**

Defendant MetLife breached its contract of insurance by refusing to provide insurance coverage for the damage and loss caused by the plumbing leak, coverage for which the Plaintiffs paid substantial premiums.

**21.**

Pursuant to the insurance policy purchased by Plaintiffs from Hawkeye Insurance (See Exhibit B), Plaintiffs home and personal property are insured against real and personal property losses:

**Section I. Property Coverages**

**Coverage A - Dwelling**

We cover:

1. The dwelling...

**Coverage C - Personal Property**

We cover personal property owned or used by an "Insured" while it is anywhere in the world....

**Coverage D - Loss of Use...**

1. If a loss covered under this Section makes that part of the "residence premises" where you reside not fit to live in, we cover, at your choice, either [additional living expenses or fair rental value]...

**Section I. Perils Insured Against...**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property.

22.

Page 8 of the Hawkeye Insurance policy's coverage for Personal Property specifically includes coverage for "[a]ccidental discharge or overflow of water or steam from within a plumbing...system."

23.

Page 8-9 of the Exclusions section of the Hawkeye Insurance policy does not include water damage caused by water leaks.

24.

Page 16 of the Hawkeye Insurance policy requires Plaintiffs to "[g]ive written notice to us or our agent as soon as is practical." After learning of the loss in July of 2002, Plaintiffs immediately informed Hawkeye Insurance by telephone. Plaintiffs also notified their insurance agent who notified Hawkeye Insurance on August 8, 2002.

25.

Defendant Hawkeye Insurance is breaching its contract of insurance by refusing to decide to provide insurance coverage for the damage and losses caused by the water leak, despite the fact that the Plaintiffs purchased the policy at issue with the reasonable expectation that they would receive coverage for a loss such as the one that occurred.

26.

The actual costs incurred by the Plaintiffs to date exceed $2 million. The Plaintiffs continue to accrue damages.

## COUNT II - First-Party Bad Faith

27.

Plaintiffs hereby reallege all previous paragraphs and incorporates them as if set forth in full.

28.

Because the insurance policies constituted contracts of insurance between the Plaintiffs and the Defendants, there existed an implied covenant of good faith and fair dealing between them.

29.

The Plaintiffs provided timely notice to the Defendants of the occurrence giving rise to coverage and demanded payment for the same.

30.

There is an absence of a reasonable basis for the Defendants' denial of Plaintiff's claim for coverage or for delay in deciding whether to provide coverage.

31.

The Defendants knew that there was a lack of a reasonable basis for denial of or delay in responding to the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

32.

The Defendants denied or are delaying action on the Plaintiffs' claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby acted in or are acting in bad faith.

33.

Defendants' refusal to provide coverage and to honor the plain terms of insurance contracts was willful, vexatious, and without reasonable basis, resulting in substantial damages to the Plaintiffs.

**COUNT III - Punitive Damages**

34.

Plaintiffs hereby reallege all previous paragraphs and incorporate them as if set forth in full.

35.

The conduct of the Defendants was willful, unreasonable, or done in conscious or reckless disregard for the rights of the Plaintiffs, vexatious, and without reasonable cause, for which punitive damages are recoverable under SDCL § 21-3-2.

**COUNT IV - Attorney's Fees pursuant to SDCL § 58-12-3**

36.

Plaintiffs hereby reallege all previous paragraphs and incorporate them as if set forth in full.

37.

The Defendants have refused to pay the Plaintiffs for their losses as required by the contracts of insurance between them, and such refusal is vexatious or without reasonable cause.

38.

Pursuant to SDCL § 58-12-3, the Plaintiffs are entitled to an award of reasonable attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully pray for the following relief:

(1) For the Plaintiffs' compensatory, general, special, contractual, and consequential damages in an amount which the jury decides is just and proper;

(2) For punitive damages in an amount which the jury decides is just and proper;

(3) For attorney's fees pursuant to SDCL § 58-12-3;

(4) For prejudgment interest, post verdict interest, and postjudgment interest; and

(5) For any other and further relief which the Court decides is just and proper.

Dated this 20 day of December, 2002.

JOHNSON, HEIDEPRIEM, MINER, MARLOW & JANKLOW, L.L.P.

BY ______________________

Steven M. Johnson
Jon K. Lauck
P.O. Box 1107
Sioux Falls, SD 57101-1107
(605) 338-4304

*Attorneys for the Plaintiff*

FILED
DEC 20 2002
Minnehaha County, S.D.
Clerk Circuit Court

**JURY TRIAL DEMAND**

The Plaintiffs respectfully demand a trial by jury on all issues so triable.

______________________
Steven M. Johnson

STATE OF SOUTH DAKOTA } SS.
MINNEHAHA COUNTY }
I hereby certify that the foregoing instrument is a true and correct copy of the original as the same appears on record in my office.

DEC 20 2002

Clerk of Courts, Minnehaha County.
By ______________ Deputy

FILED
DEC 20 2002
Minnehaha County, S.D.
Clerk Circuit Court