SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2000-014108 09/17/2003

HONORABLE KENNETH L. FIELDS

CLERK OF THE COURT
D. Whitford
Deputy

FILED: 09/19/2003

KARI KILIAN, et al.

v.

JWE MANAGEMENT CO, et al.

RICHARD W LANGERMAN

LYNN M ALLEN

STEVEN R BARTELL
LARRY J CROWN
THOMAS B DIXON
WILLIAM H DOUGLAS
DAVID E MCDOWELL
PATRICK J PAUL
DAVID S ROSENTHAL
THOMAS J SHORALL
JOSEPH B SWAN
NEAL B THOMAS
MARK D ZUKOWSKI
MARC A ERPENBECK

## RULING ON MATTER TAKEN UNDER ADVISEMENT

The Court has under advisement the defendant GlenEagles' Motion to Strike Plaintiffs' Experts, or, in the alternative, Motion for a Frye Hearing as well as defendant's Motions in Limine re: Serology Testing and Dr. Gray's "clinical fingerprint" and re: PresentationPapers and Gray Papers.

After consideration of the pleadings, the evidence presented at the evidentiary hearing, and arguments of counsel,

**THE COURT FINDS AND RULES AS FOLLOWS:**

Plaintiffs have offered as experts at trial, Dr. Kaye Kilburn and Dr. Michael Gray, both medical doctors. The issues that plaintiff must prove are that plaintiffs were exposed to toxic mold and that this exposure caused injury to each plaintiff, including medical injury.



EXHIBIT
tabbies
9

Dr. Kilburn is currently a professor of medicine at the University of Southern California School of Medicine. His background includes many years of practice and study in environmental and occupational medicine. He has published many articles on his research regarding the neurological effects of toxins.

Dr. Kilburn examined plaintiff Kari Kilian on July 30, 2001 and concluded "Kari has the most advanced degree of neurobehavioral impairments from mycotoxins-mycotoxicosis that I have observed in 17 patients." He used standard and accepted methods of testing to reach his medical opinion.

Dr. Michael Gray is an Arizona medical doctor who is board certified in preventive and occupational medicine. He has conducted clinical research over 30 years to determine the human health effects from exposure to various materials. For the last ten years he has been evaluating and treating over 220 patients with a history of exposure to structural toxic mold. He uses the same diagnostic methodology used by medical doctors and taught in medical schools within the United States. He uses standard diagnostic testing in performing his differential diagnosis. He followed this procedure in his treatment of plaintiff Kari Kilian and assessment of plaintiff Sheryl Morris.

Dr. Gray diagnosed Ms. Kilian with toxic encephalopathy, a seizure disorder, a movement disorder and immune toxicity caused by poisoning from mold produced toxins. He diagnosed Ms. Morris as suffering from respiratory problems and immune toxicity from exposure to insecticides, toxic mold and associated mycotoxins.

The arguments and evidence submitted by defendant do not challenge the methodology or testing by plaintiffs' experts as being novel or new thus requiring plaintiff to demonstrate general acceptability within the scientific community. The challenge goes to whether the physicians correctly applied the generally accepted methodologies or tests properly and reached a valid conclusion. Defendant argues that the Frye test applies here and plaintiffs failed to meet this standard. Frye v. United States, 293 F.1013 (D.C. Cir 1923) and State v. Fields, 210 Ariz. 321 (App. 2001). Frye does not apply here since the expert testimony does not rely on new scientific tests or techniques.

If the Court accepted defendant's argument here, it would be required to evaluate the plaintiffs' expert opinions in light of the contrary opinions of the defendant's experts on whether the conclusions reached were correct. The Court is not being called upon to rule on admissibility but rather credibility. This type evaluation or weighing of the evidence is clearly the province of the finder of fact under Arizona law. Logerquist v. McVey, 196 Ariz. 470, 491 (2000). To do this type evaluation would put the trial judge in the role rejected by Justice Jones in his concurring opinion in Logerquist, a non-expert in scientific matters making a one-person determination on what is or is not valid science.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2000-014108 09/17/2003

Here the medical opinions are based upon the witnesses' own observations, experience and clinical study. As such the opinions do not need to meet the requirements of Frye Logerquist v. McVey, at 480. Rules 702 and 703 do not require evidence meet the "general acceptance " test if based upon the expert's own experimentation and observation.

Here the offered expert evidence would assist the jury in determining facts in issue as well as helping it understand complex matters of medical and scientific evidence. The two medical doctors appear to be qualified by education, training and experience in the areas in which they are offering opinions. As such the evidence meets the requirement of Rules 702 and 703. The motion to strike is denied.

The defendant's Motion in Limine concerning the Gray paper is granted, but denied as to any presentation exhibit offered to assist the jury. The presentation materials will be evaluated on an item-by-item basis at trial.

Defendant's Motion in Limine re: Serology Testing and Gray's "clinical fingerprint" is denied subject to being renewed based upon the lack of foundation presented by plaintiff to support admissibility of this evidence.