| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN THE CIRCUIT COURT |
| | : ss | |
| COUNTY OF MINNEHAHA | ) | SECOND JUDICIAL CIRCUIT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STEVE GARRY, ALLISON GARRY,
TRAVIS GARRY and MARK GARRY,

          Plaintiffs,

vs.

CHARLES BEATCH d/b/a BEATCH
CONSTRUCTION, BEATCH
CONSTRUCTION LLC, KOLBE & KOLBE
MILLWORK CO., INC., and ROBERT E.
SMITHBACK, d/b/a RES
CONSTRUCTION,

          Defendants.

CIV. 04 - 245/

**COMPLAINT
AND JURY TRIAL DEMAND**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      COME NOW THE PLAINTIFFS, Steve Gary, Allison Garry, Travis Garry and Mark

Garry, and for their Complaint against the above-named defendants state the following:

### Introduction

**1.**

      This civil action seeks compensation for damages the plaintiffs have suffered from

the unsafe growth and dispersion of mold and mold toxins ("mycotoxins") in the plaintiffs' home,

which directly resulted from the defendants' acts and omissions, individually and collectively,

described below.

15164707.1



**The Parties**

**2.**

The plaintiffs are four members of the Garry family who, from December 1994 through July 2002 resided at 27207 Fountain Circle, Harrisburg, South Dakota. Steve and Allison are married, and Travis and Mark Garry are two of their sons, now both adults. The Garrys presently reside in Minnehaha County.

**3.**

Defendant Charles Beatch, d/b/a Beatch Construction is a home builder in the Sioux Falls, South Dakota area. Through his company known as Beatch Construction, Charles Beatch contracted with Steve and Allison Garry to build their Fountain Circle home back in 1994. Beatch agreed to serve as general contractor for the project, specifically retaining to himself, "exclusively, . . .the direction and supervision of the working forces, including subcontractors." Beatch did, indeed, retain and exercise control over all of the work of the subcontractors, in addition to controlling that work performed directly by Beatch and his employees. Beatch took control of the building project from start to finish.

**4.**

Beatch Construction LLC is a South Dakota limited liability corporation. Beatch Construction LLC, formed in 1996, is the direct successor to Charles Beatch, d/b/a Beatch Construction, and upon its formation agreed, upon information and belief, to assume the rights and obligations of Charles Beatch, d/b/a Beatch Construction, including any obligations arising from the construction of the Garry home. Charles Beatch is the agent for service of process for Charles Beatch, d/b/a Beatch Construction, and Mary A. Beatch is the agent for service of process for Beatch Construction LLC. Both Charles Beatch, d/b/a Beatch Construction and Beatch Construction LLC

are headquartered at 2708 Woodland Hills Road, Sioux Falls, South Dakota 57103, located in
Minnehaha County.

**5.**

Kolbe & Kolbe Millwork Co., Inc. is, upon information and belief, a Wisconsin
corporation headquartered at 1323 South 11th Avenue, Wausau, Wisconsin 55401. Kolbe & Kolbe
is in the business of manufacturing and selling windows and, in fact, manufactured, sold and
distributed the windows which were installed in the Garry home. Kolbe & Kolbe regularly sells and
distributes its windows into South Dakota, promotes its products there, has at least one
distributorship there, and purposely avails itself of the privilege of selling its products in South
Dakota. Its agent for service of process is Michael W. Salsieder, who resides at 8005 Bluebell Drive,
Wausau, Wisconsin 55401-8595. The President of Kolbe & Kolbe is Judith Gorski; Mike Tomsyck
is Treasurer; Bob Kaster is Vice President of Sales and Marketing.

**6.**

Steven and Corrie McGraw, husband and wife, are the owners of a lot and home
situated directly to the west of the Garrys' Fountain Circle home. The home was being constructed
in the summer of 2002, and was initially constructed and landscaped in such a way that, on the night
of July 10-11, 2002, it caused an unusual, extraordinary water runoff during a storm directly into the
Garrys' back yard, flooding the back yard and filling the septic tank and resulting in a sewage back
up into the Garrys' home, which in turn caused the growth of mold.

**7.**

Robert E. Smithback, d/b/a RES Construction, was the general contractor for the
home owned by the McGraws and, through its acts and omissions, directly contributed to the

15164707.1                                3

flooding of the Garrys' back yard and their septic tank/system, causing the sewage back up which led to additional mold in the Garry home.

## Venue

**8.**

Defendants Charles Beatch, d/b/a Beatch Construction and Beatch Construction LLC reside in Minnehaha County, making Minnehaha County an appropriate venue under SDCL § 15-5-6.

## Factual Background

**9.**

Through the errors and omissions of defendants as well as the Beatch subcontractors, the Garry home has experienced numerous unhealthy and dangerous water intrusions which have led to the growth of mold in the home and the dispersion of mold and mycotoxins throughout the home. These molds and mycotoxins have, all by themselves, caused property damage and personal injuries to the plaintiffs and have rendered the home uninhabitable.

**10.**

In late 1995 or early 1996, the Garrys' sewer system backed up through a floor drain in the lower level utility room, which led to mold growth and which introduced mold and other microbes into the indoor air within the Garry home. This sewage backup resulted from the errors and omissions of Charles Beatch and Beatch Construction and its subcontractors.

**11.**

Sometime between completion of the home in December of 1994 and October 1999, the toilet in the master bedroom leaked into the ceiling space below, causing water to soak the sheet rock ceiling in the southwest basement bedroom and run down the west and south sheet rock walls

15164707.1

4

and eventually to the floor and along the floor in the southwest basement bedroom. This water leak was the direct result of errors and/or omissions of Charles Beatch and Beatch Construction and/or its subcontractors. This water leak led to the growth of molds, and directly resulted in the dispersion of molds and mycotoxins throughout the home.

### 12.

Sometime after the Garrys moved into the home, unbeknownst to the Garrys, the windows in the home began to leak permitting rain water to penetrate the outside of the home and get into the wall spaces. These water leaks were hidden, and were not detected until sometime in 2003 at the earliest. These window leaks directly resulted from defects in the windows as manufactured and originally delivered to the Garry home, and were possibly created and exacerbated by improper installation by Charles Beatch, Beatch Construction and/or Beatch Construction subcontractors. These water leaks directly resulted in mold growth, and the dispersion of molds and possibly mycotoxins throughout the home.

### 13.

Some years after moving into their home, on at least two occasions rain water leaked into the bay window/credenza in the office on the front side of the home. The source of the leaks appears to have been near the interface of the siding material and the copper awning over the bay window in the office. These bay window leaks were the direct result of workmanship errors and omissions of Charles Beatch and Beatch Construction and/or its subcontractors. These water leaks likely led to the growth of mold on building materials which came in contact with the water produced by the leaks, which in turn likely led to dispersion of mold and mycotoxins throughout the Garry home.

15164707.1                                           5

**14.**

Sometime after the Garrys moved into their home, it was discovered that the toilet tank in the lower level bathroom had a small crack and was leaking water onto the bathroom floor. This leak was the direct result of the provision of defective materials by Charles Beatch and Beatch Construction and/or its subcontractors or was the result of improper or rough-handed installation which damaged the tank. The water from this toilet leak probably led to the growth of mold and the dispersion of molds and possibly mycotoxins throughout the Garry home.

**15.**

On the night of July 10-11, 2004, it rained in the vicinity of the Garrys' Fountain Circle home. Next door, construction was wrapping up on the home of Steven and Corrie McGraw. This home was under construction by Robert E. Smithback, d/b/a RES Construction. The elevation and topography of the McGraw lot had been altered by Smithback and/or his subcontractors to accommodate the construction of the home. The home itself was, on July 10, 2002, without gutters and down spouts. The large driveway leading to the garage had been constructed near the Garrys' lot line and was sloped toward a retaining wall that ran north and south along the Garrys' west property line. During the rainfall, water poured off the expansive roof of the McGraw home, onto the driveway, where it flooded toward and over the top of the retaining wall next to the Garrys' property, then into the Garrys' back yard, where it flooded the septic tank and septic field and burned out the septic pump, flooding the Garrys' basement. In the manner in which the McGraw lot was altered, the home was constructed, and the driveway uncurbed, it was completely foreseeable to any residential home builder that a substantial rain would cause extraordinary, unusual run off onto the Garrys' lot and into their back yard, creating a nuisance. The creation of this nuisance was the direct

15164707.1                                      6

result of errors and omissions of Robert Smithback, d/b/a RES Construction.  Robert Smithback, d/b/a RES Construction was an agent for the McGraws.

## 16.

The sewage backup which occurred in the Garry home on the night of July 10-11, 2002 caused the growth of mold within the Garry home and introduced microbes, all of which was unhealthful and contributed to the contamination of the home and contributing to its uninhabitability.

## 17.

Also, it appears that Charles Beatch, d/b/a Beatch Construction and/or its various subcontractors either improperly constructed the lower level foundation walls and/or improperly waterproofed them and/or improperly landscaped the exterior of the home, since rain water appears to be able to pool against the foundational walls and perhaps find its ways through cracks in the foundation into the lower level rooms.  Additional workmanship defects in the home may yet be discovered and plaintiffs reserve the right to amend their Complaint to include such additional claims if and when they are discovered.

## Plaintiffs' Damages

## 18.

As a direct result of the errors and omissions and the nuisance described above, Steve, Allison, Travis and Mark Garry have each suffered personal injuries as a result of exposure to molds and/or mycotoxins inside the Fountain Circle home.  The personal injuries sustained include, but are not limited to, allergic reactions, sinus problems, respiratory tract illnesses and injuries, skin problems, gastrointestinal tract reactions, urinary tract problems, nervous system injury and immune system disruption.  Some of these injuries and illnesses will be permanent.  The Garrys have also

15164707.1                                   7

had to incur medical expenses which were reasonable and necessary to diagnose and treat the various illnesses and injuries experienced by them.

**19.**

The Garrys have also suffered property damages as a direct result of the conduct of the defendants. These property damages are too numerous to detail here, but include, but are not limited to, the following general descriptions:

    a.    The cost of inspecting the house for water damage and mold and assessing how to render the home habitable again, if that is possible;

    b.    Diminution in the market value of the home, with or without remediation;

    c.    The damage to and/or destruction of personal property within the home due to mold and/or mycotoxin contamination, as well as the cost of disposing of the destroyed property and auctioning the damaged property;

    d.    The costs of remediation efforts to date;

    e.    The cost of reasonable replacement housing for the Garrys since August 2002;

    f.    The cost of repair and/or replacement of all defective or damaged building materials, including the foundational wall, any landscaping remediation which must be done, the replacement and/or repair of any defective windows, sheet rock, carpet and paint replacement;

    g.    The cost of cleaning efforts to attempt to salvage items of personal property, only a very few of which were salvageable;

    h.    The loss of emotionally valuable or priceless personal property and memorabilia kept in the home;

    i.    Engineering and consulting costs to evaluate the mold problem.

j.     Continuing costs of maintaining the home and paying property taxes.

**20.**

Also, as a direct result of defendants' conduct, the Garrys have suffered pain and suffering and mental anguish, and severe emotional distress, and Travis and Mark Garry have suffered a loss of earning capacity.

## COUNT I

## Breach of Implied Warranty of Reasonable Workmanship and Habitability

**21.**

Included in the contract for the construction of the Garry home was an implied warranty of reasonable workmanship and habitability.

**22.**

Charles Beatch, d/b/a Beatch Construction, breached the implied warranty of reasonable workmanship and habitability in the various errors and omissions described above, directly resulting in the Garrys' damages and rendering the home uninhabitable.

**23.**

Charles Beatch, d/b/a Beatch Construction, is liable to the Garrys for all of those damages resulting from his breach of the implied warranty of reasonable workmanship and habitability, whether the breach was the direct result of his own conduct or the errors and/or omissions of his subcontractors. Beatch Construction LLC is similarly liable as the successor to Charles Beatch, d/b/a Beatch Construction.

## COUNT II

## Negligence of Charles Beatch, d/b/a Beatch Construction

**24.**

It was foreseeable to Charles Beatch, d/b/a Beatch Construction that, should they fail to take reasonable care with respect to keeping rain water and sewage from entering the home, the Garrys and their property might be harmed through exposure to mold and mycotoxins and microbes. Therefore, Charles Beatch, d/b/a Beatch Construction had a duty to the Garrys to construct the home so as to make it reasonably safe from harmful rain water and sewage water intrusions. Charles Beatch and Beatch Construction breached the duty of reasonable care to the Garrys, directly resulting in the damages sustained by the Garrys described above, and for which Charles Beatch, d/b/a Beatch Construction is therefore legally liable to the Garrys.

**25.**

For any negligence by Beatch subcontractors which caused and/or contributed to the water intrusions and the resulting damages, the subcontractors were agents of Charles Beatch, d/b/a Beatch Construction, and Beatch and Beatch Construction are therefore liable to the Garrys for the errors and omissions of such agents. Furthermore, the Garrys are direct third-party beneficiaries of any oral or written contracts between Charles Beatch, d/b/a Beatch Construction and the Beatch subcontractors, such that should those subcontracts be breached resulting in the Garrys' damages, Charles Beatch, d/b/a Beatch Construction is nonetheless liable to the Garrys for all of the Garrys' damages described above. Beatch Construction LLC is similarly liable as the successor to Charles Beatch, d/b/a Beatch Construction.

## COUNT III

### Breach of Warranty by Kolbe & Kolbe

527d7347944e9926

### 26.

The windows supplied by Kolbe & Kolbe for use in the Garry home came with a 10-year warranty in favor of the ultimate purchaser of windows, in this case the Garrys. The windows supplied to the Garrys were defective and failed within that 10-year time frame, breaching the warranty. This permitted water to enter the Garrys' home and mold to grow, which directly resulted in the Garrys' damages described above. Therefore, Kolbe & Kolbe is liable to the Garrys for all their damages on account of their breach of warranty, express and/or implied.

### COUNT IV

### Kolbe & Kolbe -- Strict Liability

### 27.

As a manufacturer and seller of the windows supplied to the Garrys, the Kolbes had a duty to design and manufacture and supply windows which were non-defective and not unreasonably dangerous. At a minimum, this duty required Kolbe & Kolbe to supply windows which did not leak. Kolbe & Kolbe breached that duty to the Garrys, directly resulting in water leaks, permitting rain water to enter the interior of the Garry home and resulting in the growth and dispersion of mold and/or mycotoxins. This in turn proximately caused the Garrys' damages described above. Accordingly, Kolbe & Kolbe is liable in strict liability for supplying defective windows to the Garrys' home.

### COUNT V

### Nuisance by Robert Smithback, d/b/a RES Construction

### 28.

The McGraws' agent/home builder, Robert Smithback, d/b/a RES Construction, had a duty not to cause unreasonable injury to the Garrys' property through altering the natural flow of

waters. Failure to act reasonably subjects Smithback/RES Construction to liability to the Garrys for creating a nuisance. Smithback/RES Construction failed to act reasonably in the construction of the home and the concrete driveway, insofar as they directed excessive and unusual amounts of water directly onto the Garry property and into the Garrys' back yard. This nuisance and breach of duty directly caused the July, 2002 sewage backup into the Garrys' home, which resulted in mold growth and introduction of microbes, as well as the dispersion of mold and mycotoxins throughout the home. This caused and/or contributed to the damages to the Garrys described above, rendering this defendant legally liable to the Garrys for these damages.

**COUNT VI**

**Request for Relief**

Therefore, Steve, Allison, Travis and Mark Garry request that the court enter judgment in their favor, and against all of these defendants, jointly and severally, in such sum as is needed to fully and fairly compensate the Garrys for all of their damages on account of their personal injuries and property damages.

Dated: _November 4th_, 2004.

JOHNSON, HEIDEPRIEM, MINER, MARLOW & JANKLOW, L.L.P.

By _KAParsons_
Steven M. Johnson
Ronald A. Parsons, Jr.

P. O. Box 1107

15164707.1                                    12

Sioux Falls, South Dakota 57101-1107
(605) 338-4304

-and-

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Thomas J. Conlin (will apply *pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

*ATTORNEYS FOR PLAINTIFFS*

### JURY TRIAL DEMAND

The plaintiffs respectfully demand a trial by jury on all issues so triable.

FILED
NOV 0 5 2004
Minnehaha County, S.D.
Clerk Circuit Court

Steven M. Johnson
Ronald A. Parsons, Jr.

FILED
NOV 0 5 2004
Minnehaha County, S.D.
Clerk Circuit Court

15164707.1

13